# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YOLANDA WEBB, Individually, and as Special Administrator of the Estate of ASHLEY WEBB, a minor, Deceased, ) ) ) ) Plaintiff, ) ) vs. ) ) UNITED STATES OF AMERICA, ) MOUNT SINAI HOSPITAL MEDICAL ) CENTER OF CHICAGO, INC., and ) KEITH WILLIAMS, M.D., ) ) Defendants. ) | No. 04 C 4625<br><br>Judge Manning<br><br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

By an Memorandum Opinion and Order dated March 21, 2005 (doc. # 21), this Court overruled defendant United States's assertions that ten documents responsive to plaintiff's discovery requests properly were withheld from production under the Illinois Medical Studies Act, 735 ILCS 5/8-2101, *et seq.*, or the work product doctrine. During the briefing of that motion, the United States submitted a short, five-page memorandum, without any supporting declaration or other evidence to establish the basis for its privilege assertions. Now, the United States has asked the Court to reconsider its ruling (doc. # 22), asserting that nine of the ten documents are protectible work product. In contrast to the materials submitted by the United States during the briefing that preceded the Court's ruling, the motion for reconsideration is twelve pages long, and is accompanied by a nine-page declaration by an attorney from the Office of General Counsel.

The standards governing motions to reconsider (which the United States does not discuss) are well-settled. Whether to grant a motion for reconsideration is committed to the sound discretion

of the Court. *Caisse Nationale de Credit v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Motions for reconsideration, which are permissible under Fed. R. Civ. P. 59(e), serve a limited function: they "should only be presented when the law or facts change significantly after the issue is presented to the Court, or the Court has 'patently misunderstood a party,' has 'made a decision outside the adversarial issues presented' to it, or has 'made an error not of reasoning but of apprehension.'" *Securities and Exchange Comm'n v. Lipson*, 46 F. Supp. 2d 758, 766 (N.D. Ill. 1999), quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration is not a "vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Likewise, a motion for reconsideration "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.*; *see also Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

At the threshold, the motion for reconsideration must be denied because it disregards these governing standards. The United States does not offer any proper basis for reconsideration; to the contrary, the United States acknowledges that its motion is based on "additional information" that the United States now seeks to offer "to fully establish the privileged status of these nine documents" (Mot. for Reconsideration, at 2). The United States has failed to explain why this "additional information" was not presented during the pendency of the original motion. As we pointed out in our March 21, 2005 opinion, the United States had the burden of proving that the documents in issue are work product, and failed to discharge that burden. The United States's attempt to now "undo its own procedural failure[]" by belatedly attempting to provide the evidence it should have provided earlier is "too little, too late." *Moro*, 91 F.3d at 876; *see also Hobley v. Burge*, 03 C 3678 (N.D. Ill.

07/27/04) (minute order) (overruling objection to magistrate judge's order holding attorney client privilege waived and denying reconsideration of that order, explaining that the motion for reconsideration had, without justification, offered evidence that was not submitted during the pendency of the original motion).

We further note that the evidence submitted by the United States not only contravenes the legitimate purposes of a motion for reconsideration, but also fails to support reconsideration on the merits. Numerous assertions in the declaration, which are central to the United States's effort to establish work product protection, are made on "information and belief" (Mot. for Reconsideration, Dec. at ¶¶ 21-38). A statement on information and belief is one "based on second hand information that the declarant believes to be true." BLACK'S LAW DICTIONARY (7th Ed.), at 783. Assertions on information and belief are common, and generally permissible, in complaints or answers when the factual matter in question is peculiarly within the knowledge of the adverse party. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992). On the other hand, "second hand" (*i.e.*, hearsay) assertions are not generally allowed on matters for which a person should have personal knowledge. Here, the United States surely should know the facts it claims would show the documents are work product; at any rate, the United States offers no explanation as to why it would not.

The pervasive assertion of facts on "information and belief" in the declaration gives us no reason to believe that the declarant possesses personal knowledge about the facts concerning the creation of the specific documents in issue, and thus undermines the personal knowledge requirement of Fed. R. Evid. 602. Moreover, the Seventh Circuit has noted that swearing to statements on information and belief "avoids the possibility of perjury," *Price v. Rochford*, 947 F.2d

3

829, 832 (7th Cir. 1991), which undermines the purpose of the oath or verification – "to awaken the witness' conscience and impress the witness' duty" to testify truthfully. Fed. R. Evid. 603. For these reasons, assertions on information and belief generally are not accepted in affidavits or declarations on summary judgment, *Price*, 947 F.2d at 832, or in interrogatory responses. *Andree v. Ashland County*, 818 F.2d 1306, 1316 n.13 (7th Cir. 1987) (held that interrogatories answered on "information and belief" were not based on personal knowledge). We do not believe that statements on information and belief are entitled to any greater dignity when offered to support a claim of privilege.

The United States's motion for reconsideration (doc. # 22) is denied.

ENTER:

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: April 7, 2005**

4